## W. Brumley *v.* The State.

1. Transfers from District to County Courts.—The Code of Procedure, article 437, requires that the clerk of a District Court, in executing its order for the transfer of misdemeanor cases to the County Court, "shall accompany each case with a certified copy of all the proceeding taken therein in the District Court." Non-compliance with this requirement is available to the accused by plea to the jurisdiction of the County Court.

2. Indictment — Surplusage — Idem Sonans.— To an indictment for unlawfully selling liquor exception was taken because the word *drink* was written "dring," and the word *spirituous* was written "spiritous." *Held,* with respect to the former mistake, that it is cured by the context and the word itself is surplusage; and that, with respect to the latter, the error in the spelling does not vitiate and the principle of *idem sonans* applies.

Appeal from the County Court of Johnson. Tried below before the Hon. W. J. Ewing, County Judge.

The conviction was for selling liquor on election day, and the punishment assessed was a fine of $100. The opinion discloses all matters pertinent to the rulings.

*W. Poindexter*, and *De Berry & Smith*, for the appellant.

*H. Chilton*, Assistant Attorney General, for the State.

WHITE, P. J.   In transferring a misdemeanor for trial from the District to the County Court, the statute requires that the district clerk "shall accompany *each case* with a certified copy of all the proceedings taken therein in the District Court." Code Crim. Proc. art. 437.

. In the case before us a motion was made to quash the indictment because it was not properly and legally transferred. The district clerk's certificate is identically the same as that given by the clerk in McDonald's case, 7 Texas Ct. App. 113, and which was held insufficient under the statute. In addition to the objections urged in McDonald's case, the bill of exceptions taken to the overruling of the motion to quash shows that this case was not *accompanied*, in the certificate of transfer, with a copy of the proceedings in the District Court. Indeed, no certificate at all accompanied the filing of this case in the County Court, and none was filed in this case until after the motion to quash was on hearing before the court. On the authority of McDonald's case, *supra*, the motion to quash, which was in the nature of a plea to the jurisdiction, should have been sustained, and the court erred in overruling it.

 Another ground in the motion to quash was that the charge in the indictment was unintelligible. This charge was (omitting other portions not complained of) that appellant " did then and there unlawfully sell one certain *dring*, to wit, one certain half glass full of *spiritous* liquors, to one D. W. Robinson, said drink of spiritous liquors not being then and there sold at a drug store," etc.

The objection is as to the spelling of the two words we have italicized. If any doubt arises on the meaning of the word *dring*, that doubt we apprehend will be entirely removed when the reader reaches that portion of the sentence,— said drink of spiritous liquors," etc.    But, if necessary, the word *dring* might and could be eliminated from the charge as surplusage and the charge still be sufficient, for it would then charge the selling of "one certain half glass full of spiritous liquors."

As to the spelling of the word spirituous, bad spelling will not vitiate an indictment; and, besides, as spelt the word is *idem sonans*.

For the error above indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*